## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### EMPLOYMENT DISCRIMINATION COMPLAINT FOR PRO SE LITIGANTS IN ACTIONS FILED UNDER
### 42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act)
### 29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act); or
### 42 U.S.C. § 12112, *et seq.*, (Americans with Disabilities Act)

**SAVITA SHANKER,**

*(Write the full Name of each Plaintiff
who is filing this complaint. If the names
of all the Plaintiffs cannot fit in the space
above, please write "see attached" in the
space and attach an additional page
with the full list of names.)*

**v.**

Case No.: $\underline{1\text{-}18\text{-}cv\text{-}197\text{-}MW}$

*(To be filled in by the Clerk's Office)* CJK

**UNIVERSITY OF FLORIDA,**

**BOARD OF TRUSTEES,**

*(Write the fill name of each Defendant

who is being sued. If the names of all

the Defendants cannot fit in the space  above,
please write "see attached" in  the space and
attach an additional page  with the full list of
names.)*

**Jury Trial Requested?**

**x YES**

FILED USDC FLND GV
SEP 27 '18 AM10:41

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

1. Plaintiff's Name:  **SAVITA SHANKER**

2. Address:  **5304 NW 80 AVE**

City, State, and Zip Code:  **GAINESVILLE, FL 32653**

Telephone:  **352 375 6374 *(Home)*    352 219 8346 *(Cell)***

3. Plaintiff's Name: _____

Address: _____

_____

City, State, and Zip Code: _____

Telephone: _____ *(Home)* _____ *(Cell)*

*(Provide this information for any additional Plaintiffs in this case by attaching an additional page, as needed.)*

### B. Defendant(s)

1. Defendant's Name:  **UNIVERSITY OF FLORIDA, BOARD OF TRUSTEES**

Name of Employer *(if relevant):*  **UNIVERSITY OF FLORIDA**

Address:  **TIGERT HALL, UNIVERSITY OF FLORIDA,**

City, State, and Zip Code:  **GAINESVILLE, FL 32611**

2. Defendant's Name: _____

    Name of Employer *(if relevant)*: _____

    Address: _____

    _____

    City, State, and Zip Code: _____
    *(Attach a page to provide this information for any additional*

    *Defendants.)*

## II. BASIS FOR JURSIDICTION

This case is brought for discrimination in employment pursuant to:

*(Check all that apply)*

**X** Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e - § 2000e-17 *(race, color, gender, religion, national origin)* **(Note: To bring a federal lawsuit under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)**

□ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 to § 634. *(Note: To bring a federal lawsuit under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

□ Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C. § 12112 to § 12117. *(Note: To bring a federal lawsuit under the A.D.A.,*

*you must first obtain a Notice of Right to Sue letter from the Equal*

*Employment Opportunity Commission.)*

☐ Other Federal Law *(be specific):*_____

_____

☐ Relevant State Law *(specify, if known):*_____

_____

☐ Relevant City or County Law *(specify, if known):* _____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim.  Do not make legal arguments or quote from cases.  State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law.  Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident.  If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged.  Attach no more than two (2) additional pages to state your claim.

**Please see enclosed sheets**

_____

**Statement of Claim, Continued** *(Page ___ of ___)*

A. The discriminatory conduct at issue includes *(check all that apply)*:

☐ Failure to hire

**X  Termination of employment**

☐ Failure to promote

☐ Failure to accommodate disability

☐ Unequal terms and conditions of employment

**X  Retaliation**

**X Other acts** *(specify):*  **Hostile work environment**

*(ATTENTION:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission may be considered by the federal district court under the federal employment discrimination statutes.)*

B. The alleged discriminatory acts occurred on:  **dates between 2013 and 2017**

☐ Plaintiff sought employment with Defendant on _____ or

**X Was employed by Defendant from   1993   until   February 2017**

C. The location where Plaintiff was employed or sought employment was:

Address:                    **Interdisciplinary Center for Biotechnology Research**

**2033 Mowry Road, University of Florida**

City, State, and Zip Code:              **Gainesville, FL 32601**

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Plaintiff filed charges against Defendant with the Equal Employment
Opportunity Commission or the Florida Commission on Human Rights

on:   **December 20, 2017**

B. Respondent(s) named on the charging document were: **University of Florida**

C.     (*If possible, attach a copy of the charges filed.*) **COPY ENCLOSED**

D. The Equal Employment Opportunity Commission: *(check one)*

☐ Has not issued a Notice of Right to Sue letter.

**X  Issued a Notice of Right to Sue letter which I received on  July 1, 2018**

*(Note: You must attach a copy of the Notice of Right to Sue letter received*

*from the Equal Employment Opportunity Commission to this complaint.)*

**COPY ENCLOSED**

E. As claimed in the Equal Employment Opportunity Commission charging
document, Defendant discriminated against Plaintiff because of Plaintiff's:  201

**X  Gender/Sex** *(please identify)*        **Female**

**X Race** *(please identify)*            **Asian**

☐  Color *(please identify)* _____

☐  Religion *(please identify)* _____

**X  National origin** *(please identify)*    **India**

☐  Disability/Perceived Disability *(please identify)* _____

☐ Age (*please provide your year of birth only if you asserting a claim for age discrimination*) _____

☐ Other *(please identify)* _____

F.  Plaintiff:

☐ Filed charges concerning this discrimination with the Florida Commission on Human Relations on ; or

**X Did not file.**

G.  If asserting a claim for age discrimination, please indicate the amount of time that has elapsed since filing your charge of age discrimination with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct (*check one*):

☐  60 days or more have elapsed.

☐  Less than 60 days have elapsed.

H.  If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation?  ☐ Yes     ☐ No

Explain: _____

_____

I.  The facts as set forth above in Section III of this complaint:

☐ Are still being committed by Defendant against Plaintiff

**X Are no longer being committed by Defendant against Plaintiff**

I. Plaintiff:

☐ Still works for Defendant

**X No longer works for Defendant**

☐ Was not hired

## V. RELIEF

Briefly state what damages you are requesting and include the amounts of any actual damages claimed and the basis for these amounts.   Include any punitive or exemplary damages requested and state the reasons you believe you are entitled to such damages:

_____

**My employment with UF from 2013 to 2017 caused tremendous mental anguish, humiliation and personal insults. The hostile work environment caused me to seek medical help for depression and panic attacks. My termination led to lost wages, income, retirement and health benefits, loss of my professional career with a leading university, emotional pain and suffering. I seek appropriate damages for these personal and professional damages.**

_____

_____

_____

_____

_____

_____

Plaintiff also requests that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff

**X Defendant be directed to re-employ Plaintiff**

☐ Defendant be directed to promote Plaintiff

☐ Defendant be directed to _____

_____

**X  Plaintiff seeks costs and fees involved in litigating this case and such other relief as may be appropriate, including attorney's fees, if applicable.**

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: **September 27, 2018**     Plaintiff's Signature: _Savita Shanker_

Printed Name of Plaintiff:          **Savita Shanker, Ph.D.**

Address:                                        **5304 NW 80 AVE**

                                                        **Gainesville, FL 32653**

E-Mail Address:                          **savitashanker@gmail.com**

Telephone Number:                     **(352) 219 - 8346**

1. On October 4, 2016, I received a Notice of Non-Renewal from Dr. Robert Ferl, Director of the Interdisciplinary Center for Biotechnology Research ("ICBR") at the University of Florida ("UF"), notifying me that my appointment as an Associate Scientist with ICBR at UF would not be renewed and that my employment will end on October 3, 2017 pursuant to University regulation 7.013. The non-renewal letter also says that my services will not be needed as ICBR is closing the 'Sanger Sequencing' operations at UF. My academic career at UF and letters from researchers will clearly prove that I am expert in both (i) Sanger Sequencing, and (ii) Next-Gen Sequencing and with the expertise, that I have developed in biotechnology, with my 22-years of service to UF, I can easily provide many other services that are offered by the ICBR. I, therefore, feel that closing of 'Sanger Sequencing' operations is not a justified and sufficient reason for non-renewal of my employment contract.

2. I understand that the university has the right to terminate a non-tenure track faculty member, with a 12-month notice, provided, the faculty member's rights of non-discrimination under University regulation 1.006 (Also Title VII) are not violated. I will establish that I was wrongfully terminated and that my rights under University Regulations, including Regulation 1.006 on Non Discrimination/Harassment /Invasion of Privacy Policies (Also Title VII) , were violated and I suffered harassment, ridicule and racial discrimination by Dr. Robert Ferl, Director of ICBR, during years 2012 to 2016. I will also provide the documentation that I have provided excellent research services to more than 200-faculty members in the College of Medicine and IFAS; and my professional expertise is superior and unquestionable. I respectfully seek a reconsideration of my Notice of Non-Renewal and of appropriate disciplinary action against Dr. Robert Ferl.

3. My Career at UF and in the ICBR

   I was an Associate Scientist and the Director of Sanger Sequencing Core in the ICBR. There were about 55 personnel employed in the ICBR in 2016. ICBR is essentially a service lab that serves the scientific needs of UF faculty employed in the College of Medicine and the Institute of Food and Agricultural Sciences, as well as scientists from other universities. The primary job responsibility of ICBR faculty members is service (rather than teaching and research) and therefore, ICBR faculty members are evaluated primarily based on service revenue generated and the number of UF faculty members served.

4. I joined ICBR in March 1994 after completing my Ph.D. in Biochemistry in 1993 from Texas Tech University. During my 22-year career at UF, I consistently generated the highest service revenue and served the highest number of UF faculty members among all faculty employed by ICBR. In fiscal year 2008-09, I generated approximately 75% of ICBR's total annual revenue. I also received six promotions during my career. The following are the major milestones of my career at UF:

- **1993 to 1994 Postdoctoral Research Associate**, Plant Pathology Department, University of Florida.
- **1994 to 1996 Biological Scientist**, DNA Sequencing Core Laboratory, ICBR, University of Florida
- **1996 to 1997 Senior Biological Scientist**, DNA Sequencing Core Laboratory, ICBR, University of Florida
- **1997 to 2000, Scientific Research Manager**, DNA Sequencing Core Laboratory, ICBR, University of Florida.
- **2000 to 2011, Assistant Scientist**, DNA Sequencing Core Laboratory, ICBR, University of Florida
- **2011 to present, Associate Scientist**, DNA Sequencing Core Laboratory, ICBR, University of Florida.

5. As reflected by my career path, I received promotions reflecting a determination by my supervisor that I was performing my duties successfully. In fact, Associate Scientist is currently the highest rank that any scientist has achieved while working in the ICBR, and my promotion to Associate Scientist occurred during Dr. Ferl's tenure as Director of ICBR, indicating he, too, was pleased with my performance at that time. During my career at UF, I have been extremely dedicated to my position. My services and qualifications have been highly complimented by the following renowned professors. Documentation will be provided

    (i)    Dr. Nancy Denslow, Professor, Physiological Sciences, UF

    (ii)    Dr. Peter J. Hansen, Distinguished Professor, Animal Sciences, UF

    (iii)    Dr. Robert A. Burne, Distinguished Professor, Dentistry, UF

6. It will be clear from the documents that I am extremely proficient in 'NextGen Sequencing' and in-fact I started the 'NextGen Sequencing' at University of Florida. I have provided best analysis of DNA samples to the almost three hundred scientists that I serve using 'Sanger Sequencing' and 'Next-Gen Sequencing'. I therefore see no reason, other than racial discrimination for termination of my position under 7.013 under the pretext of closing 'Sanger Sequencing' operations of ICBR. \ Furthermore, although ICBR is a service lab, I actively participate in conferences, present posters, and publish research papers. I am an active member of the DNA Sequencing Research Group of the Association of Biomolecular Research Facilities and have completed a national study on the comparison of various DNA Sequencing Technologies. Dr. David Norton, Associate Vice President of Research at UF, commended me recently for publishing a research paper in the *Proceedings of the National Academy of Science*, one of the world's most cited scientific journals.

Because of my dedication to work, I routinely put in fifty to sixty hours of work at the lab per week, when my position requires only 40 hours. In addition, I routinely do additional work from home, including over the weekends. In fact, even when on vacation, I continue to complete work by e-mail and telephone, which can be verified by previous Sanger Sequencing employees Patrick Thimote, Jareisha Vickers and Laura Hagerty.

7. The Discriminatory Conduct

In 2006, Dr. Robert Ferl was appointed as Director of ICBR, and since June 2013, he has engaged in discriminatory and harassing behavior toward me, singling me out in spite of my continued high

2

performance on the job. I believe his behavior is in direct violation of University Regulation 1.006, which prohibits discrimination and harassment of an employee on the basis of race and gender, among other categories; and decrees that: "employment decisions … should be based on individual's abilities and qualifications and not on irrelevant factors, as well as that the University values broad diversity within our community and is committed to diversity and eliminating discrimination." On June 11, 2013, Dr. Robert Ferl invited me to his office to discuss a complaint made by Dr. Eric Triplett, Professor and Chair of Microbiology and Cell Science. My colleagues (i) Dr. Ernesto C. Almira Associate Scientist (now retired), (ii) Dr. David Amador Moraga, Associate Scientist and (iii) Dr. William G. Farmerie, Associate Scientist were also present in the office. According to Dr. Ferl, Dr. Triplett (who was not present) complained that it was taking too long for ICBR to copy the data to an external hard drive for the sequencing runs related to his projects. Data copying is primarily the responsibility of the Cyberinfrastructure ("CI") department and not of the Scientist managing the client's project. I told Dr. Ferl that I had talked to the CI person involved many times, but he did not do the copying work as promised. At this, Dr. Ferl became enraged and blamed me nonetheless, because I was managing Dr. Triplett's project. He ridiculed me and in particular, the syntax of my e-mail correspondence by projecting certain of my e-mails on a screen, making me feel humiliated and embarrassed. This all took place in front of my aforementioned male colleagues. Further, during this same meeting, Dr. Ferl threatened to terminate my employment at UF in front of these colleagues. Specifically, he yelled at me saying that 'There are two strikes against you and one more strike and you will be out of this job'. He was in uncontrollable anger and he even said that he knows that 'motherfucker' Triplett. I was the only female present at this meeting. I felt incredibly uncomfortable as Dr. Ferl created a hostile work environment by ridiculing and threatening me in front of several colleagues. I believe Dr. Ferl's behavior toward me, in which he singled me out for an action that was outside of my duties was discriminatory in nature, on account of my race and my gender. I am a first generation Indian American and a woman. I have not seen Dr. Ferl treat my male counterparts with similar disregard.

8. I further submit that the incident with Dr. Ferl caused me severe emotional distress, resulting in a panic attack for which I had to seek medical care. In fact, the day after the incident with Dr. Ferl, I was scheduled to attend a conference, but I was not able to go on account of the distress inflicted upon me by Dr. Ferl. I proactively reached out to Dr. Triplett directly after Dr. Ferl's verbal abuse of me, to confirm how I could improve my service to Dr. Triplett. Dr. Triplett responded that he did not believe any delays in data processing were my fault. I shared my fear about Dr. Ferl threatening to terminate me to Dr. Triplett, and he continued to confirm he was "very happy" with my work. Following this incident, Dr. Ferl started to utilize the common strategies employed by administrators to harass employees whom they want to resign and/or leave, such as:

3

- Restricting my scientific activities mainly to Sanger Sequencing. Sanger Sequencing is transitioning to the commercial sector, while Next-Gen sequencing is an upcoming technology for campus based labs. Therefore, it is more professionally appealing for a scientist in my department to work on Next-Gen Sequencing rather than being limited to working exclusively on Sanger Sequencing.

- Prior to this incident I was heavily involved in the implementation and operation of Next-Gen Sequencing. In fact, I along with Dr. Farmerie, established Next-Gen operations in ICBR. After this incident, Dr. Ferl, decreased my role and responsibilities in the Next-Gen Sequencing.

- Denying me adequate personnel (almost skeleton staff) to perform the Sanger Sequencing services in spite of my repeated requests for additional personnel (Enclosure 12). For the past year I have had only one TEAMS and 2.5 FTE OPS employees. It should be noted that despite this, I am still generating close to $500,000 a year in revenue, a figure substantially higher than some other ICBR labs that have TEAMS employees.

- Sending me to communication seminars to improve my alleged poor communication skills despite my twenty plus years of excellent scientific service at UF and six promotions.

- Collecting statements against me from terminated under-performing OPS employees, including Lan Nguyen and Estebahn Perez

- Willfully giving me poor annual evaluation reports during the past three years following the incident on June 11, 2013. Prior to the June 2013 incident, I did not receive any poor annual evaluation reports at any point during my prior nineteen years of service.

Dr. Ferl also uses demeaning and insulting language that clearly shows his hateful attitude towards me in his e-mails even for small matters like leaving a meeting for just going to the restroom. Text of one of e-mails is provided below that clearly show his dislike and discriminatory attitude towards me.

**From:** <Ferl>,Robert J<robferl@ufl.edu>
**Date:** Tuesday, May 3, 2016 at 10:10 AM
**To:** Savita Shanker <sshanker@ufl.edu>
**Cc:** "Madore,Steven" <smadore@ufl.edu>
**Subject:** for the record

Dear Savita, I am writing this email to record my dismay at the behavior you demonstrated yesterday at the iLab kickoff meeting.

The meeting was set for 2 hours. You knew that. Everyone knew that. You, and only you, got up to try and leave before the meeting was concluded. After you caught my eye, you sat back down. My conclusion is that you thought your time was more valuable than the meeting, and more valuable than the entire rest of ICBR that was sitting in the room. At least you sat back down when you saw my disapproval that you could just up and leave in the middle.

That you thought that you could leave is dismaying on many levels. You demonstrated little respect for the importance of the meeting and you demonstrated a superior attitude compared to the rest of us at ICBR.

Then as the meeting was concluding, early I might add, and Nadia was making her final comments, you stood in the back of the room openly having conversation as opposed to listening to her close the meeting. This behavior demonstrated a profound disrespect for the meeting and especially for it organizer, Nadia. I was shocked at your behavior and I have to let you know of my displeasure in seeing that behavior.

4

This also makes me sad, as we have talked about attitude a lot. When you treat people around you as less important and with disrespect, you negatively affect all those around you. You cannot advance in any leadership roles at ICBR behaving that way. You should apologize to Nadia.

Sincerely, rob


The decision to end my employment has been made primarily based on false and fabricated documentation accumulated by Dr. Ferl in the past three years following the incident on June 11, 2013. My employment with UF from 2013 to 2017 caused tremendous mental anguish, humiliation and personal insults. My termination led to lost wages, income, retirement and health benefits; emotional pain and suffering.

5

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>510-2017-03840 |
|---|---|---|

| Florida Commission On Human Relations | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)*<br><br>Ms. Savita Shanker | Home Phone *(Incl. Area Code)*<br><br>(352) 375 6374 | Date of Birth<br><br>1957 |
|---|---|---|
| Street Address<br><br>5304 NW 80 Ave., | City, State and ZIP Code<br><br>Gainesville, FL 32653 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br><br>UNIVERSITY OF FLORIDA | No. Employees, Members<br><br>500 or more | Phone No. *(Include Area Code)*<br><br>(352) 273- 8030 |
|---|---|---|
| STREET ADDRESS<br><br>ICBR, 2033 Mowry Road, University of Florida, Gainesville, FL 32610 | **Received**<br><br>DEC 2 0 2017 | |
| | EEOC Miami District Office | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| June 2012 | Feb. 28, 2017 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*

I am an Asian female from India. I was hired by the above-mentioned organization on August 1, 1993 as a Post Doc. Associate. During my tenure, I was promoted on several occasions until I reached the position of Associate Scientist, in ICBR. However, I have been harassed and ridiculed by my second level supervisor, Dr. Robert Ferl, Director, ICBR, since 2012. The harassment included restricting my scientific activities, denying me adequate personnel to perform my job, publicly humiliating and threatening me in front of my colleagues, soliciting statements against me from terminated employees and giving me poor evaluations for the last three years. The harassment culminated in a letter of non-renewal from Dr. Ferl dated October 4, 2016, where he informed me that my appointment as Associate Scientist would not be renewed.

The reason for the letter of non-renewal of my employment that Dr. Ferl gave me was "based on closure of Sanger Sequencing Lab." Which I believe is an excuse to cover his discriminatory motives.

I believe I have been harassed and discriminated against because of my race (Asian), National Origin (Indian) and Sex (Female), in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act of 1992.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT |
| 12/14/17 _____ *Savita Shanker*<br><br>Date         Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ms. Savita Shanker<br>5304 N.W. 80 Ave.<br>Gainesville, FL 32653 | From: Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2017-03840 | Sergio Maldonado,<br>Investigator | (305) 808-1809 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Nita Santa Wright*

MICHAEL J. FARRELL,
District Director

JUN 2 9 2018
(Date Mailed)

Enclosures(s)

cc:  **Mr. Ryan Fuller
Senior University Counsel
UNIVERSITY OF FLORIDA
P.O. Box 113125
Gainesville, FL 32611**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 SE 2ⁿᵈ Street, Suite 1500
Miami, FL 33131
Toll Free: (877) 869-1802
TTY (305) 808-1742
FAX (305) 808-1855
Website: www.eeoc.gov

September 01, 2018

Via: savitashanker@gmail.com
Dr. Savita Shanker
5304 NW 80 Ave
Gainesville, FL 32653

Re: FOIA No.: 510-2018-019093;
Shanker, Savita v UNIVERSITY OF FLORIDA 510-2017-03840

Dear Dr. Shanker:

Your request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, received by the EEOC Miami District Office on August 31, 2018, is assigned to the [X ] Simple [ ] Complex [ ] Expedited track with the above FOIA number. It will be processed by Fredricka Warren who can be reached at (305) 808-1785.

EEOC will issue a determination on your request on or before October 16, 2018. FOIA and EEOC regulations, at 29 C.F.R. § 1610.9(d), provide 20 working days to issue a determination on a request, not including Saturdays, Sundays and federal holidays. As provided in 5 U.S.C. § 552(a)(6)(B) (2016), due to *unusual circumstances* we hereby provide you with the required written notice that we are extending by ten (10) working days the time in which we shall respond based upon:

[ ] the need to search for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office;

[X ] the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or

[ ] the need for consultation with another agency, or two or more components of this agency, having a substantial interest in the determination of the request.

You may contact the FOIA Requester Service Center for status updates on your FOIA request or for FOIA information toll free at (877) 869-1802, or our non-toll free number 202-663-4634, or by e-mail to FOIA@eeoc.gov, or by facsimile to (202) 653-6034, or by mail to our office address in the letterhead above. Additionally, if your request was filed online through the FOIAXpress Public Access Link (PAL), you may monitor its status at https://publicportalfoiapal.eeoc.gov. You may also contact the EEOC FOIA Public Liaison, Stephanie D. Garner, for assistance.

Sincerely,

Michael J. Farrell
District Director

**Karine Lafontant**

Karine Lafontant
Government Information Specialist
miamfoia@eeoc.gov